UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 04 C 7177 |
| | ) Judge Joan H. Lefkow |
| 3R BANCORP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Third Party Theodore C. Bentley, as Co-Trustee of Trust "C" of the Bentley Family Trust (the "Bentley Trust"), has petitioned this court for an order lifting the stay of civil proceedings against defendant Ranbir S. Sahni ("Sahni") with respect to *Theodore C. Bentley, as Co-Trustee of the Bentley Family Trust, et al. v. Ranbir S. Sahni*, Case No. BC311240, an action pending in the Superior Court of the State of California for the County of Los Angeles. Third Party Thomas J. Fogarty, as Trustee of the Fogarty Community Property Trust (the "Fogarty Trust") has joined in the Bentley Trust's petition and filed a separate memorandum in support. For the reasons stated below, the petition is denied.

## BACKGROUND

The Federal Trade Commission ("FTC") commenced this action on November 5, 2004, to halt an alleged scheme by which Sahni and other defendants solicited low-income, poor-credit consumers by telephone and falsely promised to provide credit cards to the consumers in exchange for an advance fee. The FTC alleges that this scheme was international in scope and

was perpetrated by a web of entities owned or controlled by Sahni. The FTC's Complaint sought an immediate stop to the scheme and a refund of the fees to the deceived consumers. The FTC also requested that the court appoint a receiver to aid the court in effecting a complete remedy.

On November 17, 2004, the court entered a temporary restraining order that, among other things, froze defendants' assets and appointed a receiver. The T.R.O. granted the receiver broad authority to manage and administer the businesses and assets of the receivership entities. The court explicitly held that the stay of proceedings set forth in the T.R.O. applies to Sahni personally, as an "affiliate" of the receivership entities. (Tr. of Dec. 2, 2004 proceedings, at 3-4.) On January 6, 2005, the court entered a preliminary injunction that states in pertinent part as follows:

> Except by leave of this Court, during the pendency of the receivership ordered herein, Defendants and all other persons or entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Entities and Interests, any of their subsidiaries, affiliates, partnerships, Assets, Documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions: . . . Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations[.]

(Prelim. Inj. at 25.)

The Bentley and Fogarty Trusts (collectively, "the Trusts") are the sole limited partners of a California limited partnership called the Vinewood Apartments partnership ("Vinewood Apartments"). Sahni is the general and managing partner of Vinewood Apartments and controls its day-to-day operational and financial activities. Vinewood Apartments owns a 75 unit apartment complex in Modesto, California. In the 1990's, Sahni was under investigation by the federal government, and Vinewood Apartments was placed into receivership. During that time,

the Trusts received significant distributions from Vinewood Apartments. However, since Sahni was reinstated as managing general partner in 1998, the Trusts have received no distributions.

In late 2003, the Trusts voted to remove Sahni as the general partner after, among other things, he allegedly refused to make distributions after promising to do so and failed to provide financial documents and information to the Trusts. Sahni refused to comply with the Trusts' election to remove him and has continued to act as the general partner. The Trusts therefore commenced an action against him in the Los Angeles County Superior Court on February 26, 2004 entitled *Theodore C. Bentley, as Co-Trustee of the Bentley Family Trust, et al. v. Ranbir S. Sahni*, Case No. BC311240 (the "state court action"). Pursuant to the T.R.O. and consistent with the Preliminary Injunction, on December 14, 2004, the receiver filed a Notice of Stay in the state court action. The trial in the state court action is currently scheduled to start on March 28, 2004.

## DISCUSSION

The Trusts are seeking relief from the stay of proceedings in this case to permit them to proceed against Sahni in the state court action. Though there do not appear to be any cases on point in the Seventh Circuit, courts in other jurisdictions have held that relief from a receivership stay should only be granted if the moving party's interests outweigh the interests of the receiver. *Sec. and Exch. Comm'n v. Wencke*, 742 F.2d 1230 (9th Cir. 1984) ("*Wencke II*"); *Sec. and Exch. Comm'n v. Universal Fin.*, 760 F.2d 1034 (9th Cir. 1985); *United States v. ESIC Capital, Inc.*, 675 F. Supp. 1462 (D. Md. 1987). In *Wencke II*, the Ninth Circuit identified three specific factors to consider in balancing the interests of the receiver and the moving party: (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at

3

which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim. *Id.* at 1231. The moving party bears the burden of proving that the receivership stay should be lifted. *United States v. ESIC Capital, Inc.*, 675 F. Supp. 1462, 1462-63 (D. Md. 1987).

As to the first factor, the Trusts insist that they are "tremendously prejudiced" by the stay and have an important interest in having the stay lifted. They contend that Sahni "has, and continues, to cause Partnership assets to be diverted to himself, either directly or through his related entities." (Pet. at 12.) However, the receiver has assumed full control of Sahni's interest in Vinewood Apartments and is required to manage Vinewood Apartments in accordance with the Partnership Agreement. (Prelim. Inj., at 6, including Vinewood Apartments among the "Receivership Entities.") Thus, any worry that Sahni will continue to divert assets to himself is unfounded. The Trusts themselves point out that they received significant distributions from Vinewood Apartments when it was in receivership in the 1990s. Thus, the Trusts have failed to show that they will suffer substantial injury if the stay is not lifted.

While this does not mean that the Trusts have no interest in recovering their assets in the state court action, their interest is considerably outweighed by the receiver's significant interest in the orderly and efficient administration of the estate. *See Sec. Exch. Comm'n v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986) (A "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate . . . ."). The Receiver was appointed to bring an immediate stop to the alleged telemarketing scheme and to administer the businesses and assets of the defendants for the benefit of the consumers who were allegedly defrauded. This involves securing, assessing, and marshaling the assets of numerous entities. This is a daunting task and

one that is clearly aided by the stay. The Trusts' own representations demonstrate that Sahni's business dealings were obscure and complex. The Trusts allege that "money is flowing out of the [Vinewood] Partnership and into Sahni-related companies in the form of unauthorized and improper payments for 'bookkeeping fees,' 'bookkeeping salaries,' 'investor relations fees,' 'consulting charges,' 'interest charges,' and improper payment of salaries and overhead costs of Sahni-related management and other related companies, among other things." (Pet., at 2.) One of the "Sahni-related entities" that allegedly received these unauthorized payments was National United Properties LLC ("NUP"), which Sahni retained to manage the Vinewood Apartment complex. FTC asserts that two NUP employees, Oliver McKinney and John Perton, were involved in the telemarketing scheme and that several other individuals who were involved with the scheme were on NUP's payroll. FTC provides documentary evidence that NUP made wire transfers to defendants' telemarketing operation in India, including $45,000 on February 9, 2004. FTC even demonstrates that for a relevant period of time the call center companies shared office space with NUP.

The receiver has had little more than three months to begin to unravel these labyrinthine entanglements. In *Securities and Exchange Comm'n v. Wencke, et al. Superior Motels v. Gould*, 622 F.2d 1363, 1373-74 (9th Cir. 1980) (*"Wencke I"*), the court stated, "[w]here the motion from relief from stay is made soon after the receiver has assumed control over the estate, the receiver's need to organize and understand the entities under his control may weigh more heavily than the merits of the party's claim." This consideration is particularly important where the defendants' fraud "may have left the finances of the receivership entities so obscure or complex that the receiver is hampered in conducting litigation." *Id.* at 1372-73.

Furthermore, given the complexity of the estate and of the connections between receivership entities, the Trusts' argument that this case is "unrelated" to Sahni's activities as general partner of Vinewood Apartments and that the state court action will not affect the Receivership Estate or the activities of the Receiver is, at best, a premature conclusion.[1] Even the declaratory relief the Trusts seek in the state court action–a determination that Sahni was removed as a general partner of Vinewood Apartments for cause–would affect the assets of the Receivership Entities by reducing Sahni's interest in Vinewood Apartments from a 50% to a 25% allocation of the proceeds upon sale of the partnership. (Pet., Ex. A, at 12.) This interest in Vinewood Apartments, along with all of Sahni's other assets and the assets of all of the Receivership interests, are protected by the stay to ensure that, should the FTC prevail on the merits in this case, monies are available for the restitution of deceived consumers. The Trusts have failed to meet their burden of showing that their interest in proceeding with the state court action outweighs the Receiver's interest in securing, assessing, and marshaling the assets of the receivership estate. Thus, Bentley Trust's petition for relief from the stay is denied.

---

[1] Moreover, the Trusts' contention that "none of the corporate receivership defendants are parties to the State Court Action" is false. (Fogarty Resp., at 5.) Vinewood Apartments is both a corporate receivership entity and a named defendant in the state court action. In the First Amended Complaint in the state court action, the Bentley Trust also seeks damages against 25 unknown defendants identified as "Does," who the Bentley Trust alleges are responsible in some manner for the causes of action alleged in the Complaint. Given the alleged nature of Sahni's business dealings, it is at least possible that some of these "Does" are receivership entities.

**ORDER**

For the reasons stated above, the Bentley Trust's petition for relief from the stay of proceedings is denied [#46].

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Date: February 23, 2005