IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| FEDERAL TRADE COMMISSION, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | No. 04 C 7177 |
| | ) | |
| v, | ) | Judge Joan F. Lefkow |
| | ) | |
| 3R BANCORP et al., | ) | Magistrate Judge Morton Denlow |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND DECISION

This case is before the court on the motion of Nancy A. Ross, in her capacity as the Receiver in this case, for an order terminating the receivership and releasing and discharging her. In support of the motion, the Receiver has submitted a Final Report dated July 17, 2006 and a proposed order. The court has reserved for decision the issue whether to grant the Receiver's request for protection against potential litigation against her in her receivership capacity. Specifically, she requests the establishment of a litigation reserve account in the amount of $50,000 to be held by the Receiver to fund any post-receivership legal fees incurred in defending against any claims asserted with respect to her conduct of the receivership; and second, she seeks the entry of an order that includes a broad release and discharge of the Receiver and for certain injunctive provisions against assertion of claims and actions against her. The Receiver's motion to terminate the Receivership is granted, but her requests for protection are denied except as set out in the Order accompanying this decision and as explained below.

Although the parties seem in accord that the Receiver is entitled to the broad immunity granted to judges, the Receiver argues that the requested relief is needed because defendant

1

Ranbir Sahni ("Sahni") has demonstrated his "litigious nature" in previous litigation related to a receivership and because defendant NUP Partners, LLC, as expressed through its member, Genny R. Alberts, has made "outrageously wild distortions, misrepresentations and blatantly defamatory assertions" in a Response to the Receiver's Seventh and Final Report to the Court.[1]

The Receiver points to two pieces of litigation in which Sahni has challenged a receiver's decisions regarding property in which he held interest. In *Sahni v. Am. Diversified Partners*, 83 F.3d 1054 (9th Cir. 1996), after the FDIC as receiver closed sales on certain properties, Sahni sued the buyers and sought to rescind the sales. Sahni resisted FDIC's intervention, contending that the FDIC, although a party to each of the sales, had no standing and, further, challenged the district court's jurisdiction and contended that the assets the FDIC sold were not within its receivership. The district court rejected each of Sahni's positions, and Sahni's appeal was equally unavailing. *Am. Dev. Corp. v. Strack*, 81 F.3d 167 (9th Cir. 1996), apparently arose out of the same difficulties Sahni experienced in *American Diversified Partners*. In *Strack* Sahni had pledged his interest in American Diversified Partners as collateral for a loan to settle claims against the corporation. The corporation defaulted and FDIC sued Sahni on the promissory note. The district court appointed Strack as receiver of the rents and profits of the partnership properties and enjoined Sahni and those acting with him from collecting rents and other amounts from it. When the receiver replaced the management company set up by Sahni, Sahni's management company sued the receiver for breach of contract and interference with its management contracts. On Sahni's appeal from an adverse decision, the court ruled that Sahni's

---

[1] The docket does not reflect any Response from NUP Partners having been filed. NUP Partners is represented by Griswold L Ware, *et al.*, of Vurdelja & Heaphy, Chicago, Illinois. Any document or paper filed by Ms. Alberts, *pro se*, will be stricken from the record.

2

management company did not have standing to challenge the appointment of the receiver or the scope of the receiver's authority, and (ruling on the merits despite the company's lack of standing) affirmed the grant of summary judgment in favor of the receiver that his actions had been "directly within the receiver's authority to act" and he was therefore immune from damages.

Sahni contends that the court has no authority to grant either of the Receiver's requests. Further, he gave the Receiver a release, which has been incorporated into the Stipulated Judgment, and contends he is not obligated to protect the Receiver from other parties who have not given a release. Sahni cites two cases in which courts of appeals have ruled that a district court abused its discretion in restricting a litigant's access to the court. In *Sires v. Gabriel*, 478 F.2d 49 (1st Cir. 1984), the court ruled that a court could not prohibit an indigent litigant from filing another lawsuit unless it first found the litigant had abused the judicial process or harassed the defendants. In *Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989), the court ruled that a court may not prohibit a frequent filer from filing another lawsuit without setting out standards that would guide the determination and giving the litigant notice and opportunity to be heard.

None of the cases is particularly analogous to the facts presented here, and the parties concede that little further guidance is available beyond the principle that "a district court's power . . . to determine the appropriate action to be taken in administration of the receivership is extremely broad." *S.E.C. v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). *See Fed. Home Loan Mort. Corp. v. Tsinos*, 854 F. Supp. 113, 115 (E.D.N.Y. 1994) ( . . . [R]eceiver is [the] "arm of the court . . . ."). At least one court has ruled that a court may not as part of discharging a receiver confer full judicial immunity upon him, reasoning that the receiver's immunity must be

3

decided in the context of the facts before the court should a law suit be filed. *Bank of Saipan, Inc. v. Atalig,* 2005 WL 3767671, *2. *3 (N. Mariana Islands, Mar. 7, 2005).

With respect to the Receiver's request for a broad release from liability, the court is persuaded that such an order would not be appropriate for the reasons stated in *Bank of Saipan*. The court has no indication that the Receiver has acted in any respect without good faith or outside the scope of her authority. Nevertheless, it cannot know that for a fact without a case or controversy before it.

With respect to the request for a litigation reserve, the court concludes that the Receiver's concerns are sufficiently founded that protection is warranted, though by something short of a five-year hold on Sahni's assets. First, Sahni has on two occasions challenged a court-appointed receiver through an appeal and has been unsuccessful. Second, although he claims not to be responsible for what Ms. Alberts or NUP Properties might do, the complaint alleges that Sahni is a member of that limited liability corporation and thus would not appear to lack potential interest in seeking to undo the Receiver's decisions via NUP Properties.

At the same time, Sahni has conducted himself in this litigation in a cooperative manner and the result has been full compensation of the victims of the conduct that gave rise to this lawsuit. It is further apparent that he faces the possibility of foreclosure on the loan securing his family home and is not in a position to sequester $50,000. Further, the Receiver has enjoyed the benefit of compensation for her services but, like any business or professional person, assumes certain risks in undertaking such responsibility.

The court is persuaded, then, having weighed the circumstances, that an order that enjoins any defendant in this litigation, and those acting as agents, assignees, or in concert with any

defendant, from filing a suit against the Receiver in any court unless it shall first demonstrate in this court that the claim has colorable merit and that the filer has financial ability to indemnify the Receiver for her reasonable attorney's fees and expenses should it be determined by the forum in which such action is filed that the Receiver is immune from damages based on the release granted by Sahni, the immunity she enjoys as a Receiver, or other determination that the Receiver has not been misfeasant.

## ORDER

For the reasons stated above, the court grants the Receiver's motion [# 408] for an order terminating the receivership and releasing and discharging the Receiver. The court denies, however, both the Receiver's request for a broad release from liability and her request for a litigation reserve, but in the alternative imposes the protections contained in Paragraph 13 of the draft order accompanying this decision.

Entered: July 28, 2006

Joan Humphrey Lefkow
United States District Judge